**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ZANETA LYSKOV and ALEKSANDR LYSKOV,

Plaintiffs,

v.

MARCO RUBIO, in his official capacity as Secretary of State, and MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,

Defendants.

No. 25 CV 12481

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Zaneta and Aleksandr Lyskov are a married couple seeking admission to the United States for Aleksandr. Zaneta, a U.S. citizen, filed an I-130 Petition for Alien Relative on behalf of Aleksandr, which was approved by U.S. Citizenship and Immigration Services (an agency of the Department of Homeland Security) and sent to the State Department for processing. Aleksandr then traveled to Poland for his consular interview, after which his application was refused to allow additional time for review. The Lyskovs then sued Secretary of State Marco Rubio and Secretary of Homeland Security Kristi Noem[1] in their official capacities, seeking relief expediting the visa adjudication. Four months later, the U.S. Embassy in Warsaw denied the

[1] Markwayne Mullin has succeeded Noem as Secretary of Homeland Security, and is now automatically substituted as a party. Fed. R. Civ. P. 25(d).

visa application, and defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

After the motion to dismiss was fully briefed, plaintiffs, without seeking leave, filed a supplemental pleading attempting to add claims under the Administrative Procedure Act. Because the Lyskovs lack standing to bring their claims against the Secretary of Homeland Security, and their claims against the Secretary of State are moot, defendants' motion to dismiss for lack of subject matter jurisdiction is granted. But in light of the new allegations and claims in the proposed supplemental pleading, I give plaintiffs leave to file an amended complaint.

## I. Legal Standards

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject-matter jurisdiction and comes in two forms—facial and factual. A facial challenge argues that the plaintiff has not sufficiently "*alleged* a basis of subject matter jurisdiction." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (emphasis in original) (cleaned up). I accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Id.* A factual challenge, by contrast, contends that "there is *in fact* no subject matter jurisdiction," even if the pleadings are formally sufficient. *Id.* (emphasis in original) (cleaned up). When jurisdiction is challenged in fact, I may look beyond the pleadings and view any evidence submitted to determine whether subject-matter jurisdiction exists. *Id.* (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)).

The requirement that jurisdiction be established as a threshold matter is "inflexible and without exception," so a challenge to subject-matter jurisdiction under

Rule 12(b)(1) must be resolved before any arguments under Rule 12(b)(6) can be reached. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (cleaned up); *see Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013).

## II. Facts

Zaneta Lyskov, a United States citizen, filed a form I-130 Petition for Alien Relative seeking a visa on behalf of her husband, Aleksandr Lyskov (a Belarusian national and citizen). [1] ¶ 11.[2] Upon approval by U.S. Citizenship and Immigration Services, the Lyskovs' petition was assigned a case number for State Department processing. [1] ¶ 21. In August 2025, Aleksandr traveled to Poland to attend a consular interview at the U.S. Embassy in Warsaw.[3] [1] ¶ 23. At that time, Aleksandr's application was refused pursuant to § 221(g) of the Immigration and Nationality Act, 8 U.S.C. § 1201(g), because additional time was needed to review it. [1] ¶ 24. Since his interview, Aleksandr has remained in Warsaw. [1] ¶ 26.

In October 2025, the Lyskovs filed this suit against Secretary of State Marco Rubio and then-Secretary of Homeland Security Kristi Noem (in their official capacities) seeking a writ of mandamus and declaratory judgment ordering the defendants to adjudicate Aleksandr's visa application. [1]. On February 9, 2026, the U.S. Embassy in Warsaw notified Aleksandr by email that he had been found

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

[3] The U.S. Embassy in Belarus has suspended all consular services since February 28, 2022. U.S. MISSION IN BELARUS, *U.S. Embassy Minsk in Suspended Operations* (December 11, 2024), https://by.usembassy.gov/u-s-embassy-minsk-in-suspended-operations/ [https://perma.cc/XFA7-KAGZ].

ineligible for an immigrant visa under § 221(g) of the Immigration and Nationality Act. [12-1]. That notice included information about a new policy, effective January 21, 2026, that the State Department was "pausing immigrant visa issuances to nationals of 75 countries, including Belarus." [12-1]. Defendants submitted the denial email to the court as an attachment to their motion to dismiss.

## III. Analysis

Article III limits the jurisdiction of federal courts to "Cases" and "Controversies," and standing is "an essential and unchanging part of the case-or-controversy requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, 590 U.S. 538, 540 (2020). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing each element. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The case-or-controversy requirement does not expire at the pleadings; it "subsists through all stages of federal judicial proceedings." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). A case becomes moot—and so falls outside Article III—"when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). But so long as the parties retain "a concrete interest, however small, in

the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172 (cleaned up).

As to Secretary Mullin, the complaint cannot survive a facial challenge to subject-matter jurisdiction. The Department of Homeland Security has already concluded its involvement with the visa application—it approved the I-130 petition and forwarded it to the Department of State's Processing Center. [1] ¶ 22. There is nothing more for Homeland Security to do that would affect plaintiffs' rights. The possibility that a consular officer may discover that the approval of the Lyskovs' I-130 petition "was obtained by fraud, misrepresentation, or other unlawful means," and thus requires reconsideration by Homeland Security under 22 C.F.R. § 42.43, is too speculative to support standing.[4]

As to Secretary Rubio, plaintiffs do not contest that the Secretary of State lacks the power to direct a particular outcome with respect to visa adjudications. *See* [15] at 4. Rather, plaintiffs only seek an order compelling the Secretary to direct consular officers to conclude the visa adjudication more quickly. *See* [15] at 4. But the consular officer has concluded adjudicating plaintiffs' visa application.

The notice Aleksandr received, [12-1], was unambiguous:

> You have been found ineligible for an immigrant visa under Section 221(g) of the Immigration and Nationality Act. Today's decision cannot be appealed. Please be advised that for U.S. visa purposes, including ESTA (see ESTA website), this decision constitutes a denial of a visa.
>
> Effective January 21, 2026, the Department of State is pausing immigrant visa issuances to nations of 75 countries, including Belarus,

[4] The Lyskovs do not claim to have obtained approval for their petition by fraud, misrepresentation, or other unlawful means.

> whose immigrants have a high rate of collecting public assistance at the expense of the U.S. taxpayer.

That does not request further information, imply the application is still under consideration, or indicate that it will be reconsidered at any time in the future—it is a final denial of the visa. Since a final decision has been made on the visa application, there is nothing for Secretary Rubio to order the consulate to process more expediently, and thus no relief that I may grant. The case is moot. Because I grant the motion to dismiss for lack of subject-matter jurisdiction, I do not reach whether the complaint states a claim upon which relief can be granted.

Plaintiffs recently filed a supplemental pleading under Federal Rule of Civil Procedure 15(d) to add allegations relating to the State Department's "Public Charge Policy," and a claim under the Administrative Procedure Act challenging that policy as unlawful. [19]. Supplemental pleadings may only be filed with leave of court, on motion and reasonable notice to the other parties. Fed. R. Civ. P. 15(d). Plaintiffs have not made any motion, but I understand their supplemental pleading as incorporating a motion for leave to file.[5]

Leave to amend or supplement should be freely granted when justice so requires, and such alterations are favored as a general matter. *Lewis v. AbbVie Inc.*, 152 F.4th 807, 816 (7th Cir. 2025) (laying out the standard for amendment under Rule 15(a)); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (the standards under Rule 15(a) and Rule 15(d) are the same). The Federal Rules are also

---

[5] I accept plaintiffs' representation that they contacted counsel for defendants and confirmed that they do not oppose filing of the supplemental pleading.

express that I "may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

Given that this court lacks jurisdiction over the claims in plaintiffs' complaint, and those claims are largely restated in the proposed supplemental pleading, it would be more efficient to grant plaintiffs leave to file a new, first amended complaint, consistent with this order and incorporating all claims and allegations they wish to assert in this case.

## IV. Conclusion

Defendants' motion to dismiss, [11], is granted. All claims in plaintiffs' complaint, [1], are dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiffs have leave to file an amended complaint by September 9, 2026.

ENTER:

Manish S. Shah
United States District Judge

Date: August 19, 2026